FILED '11 MAY 05 12:26 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| TERRY HARDAGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-6369-ho |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF OREGON, DEPARTMENT OF | ) | |
| CHILD WELFARE, MARY KAY SKOURUP. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

INTRODUCTION

Plaintiff has filed a "petition for habeas corpus" apparently seeking to have his minor children returned to his custody in Oklahoma. [#2]. Plaintiff alleges that his children were illegally seized subsequent to the State of Oregon's protective order enforced by the juvenile court in Oklahoma. *Id.* at 3.

1 - ORDER

Defendant moves to dismiss for failure to state a claim. [#16]. Defendant argues that under either the federal habeas corpus statutes (28 U.S.C. §§ 2241-2254), or the federal civil rights statute (42 U.S.C. § 1983), this court lacks authority to disturb pending juvenile dependency proceedings or to order a particular determination. [#17-p.2].

## DISCUSSION

A Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is proper only where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Balisteri v. Pacific Police Dept.,* 901 F.2d 696,699 (9th Cir.1990). The issue is not whether the plaintiff is likely to succeed on the merits but if the complaint is sufficient to entitle the plaintiff to proceed beyond the pleadings in an attempt to establish his claim. *De La Cruz v. Torrey,* 582 F.2d 45, 48 (9th Cir 1978).

A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Sitanggang v. Indymac Bank FSB,* 2009 WL 1286484, p.2 (citing *Farm Credit Service v. Am. State Bank*, 339 F.3d 765, 767 (8th Cir. 2003)). Similarly, conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy v. Shell Chemical Co.,* 845 F.2d 802 810 (9th Cir 1988);

2 - ORDER

see also *Ashcroft v. Iqbal,* 129 S.Ct 1937, 1949 (2009)(to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.)(citations omitted).

Additionally, as here, a plaintiff may include facts that demonstrate a bar to recovery.

Federal habeas corpus has never been available to challenge parental rights or child custody. *Lehman v. Lycoming County Children's Serv.,* 458 U.S. 502, 511-12 (1982). A federal habeas petition challenging a state's child-custody determination simply seeks to re-litigate the petitioner's interest in his or her own parental rights. *Id.*

A federal court has no jurisdiction to re-litigate these interests; federal courts are not courts of appeal from state decisions. *D.C. Ct of Appeals v. Feldman,* 460 U.S. 462, 486 (1983). In addition, children placed in foster homes are not in the "custody" of the state for purposes of 28 U.S.C.§2254, nor is the "custody" of foster or adoptive parents the type of custody that traditionally has been challenged through federal habeas. *Lehman,* 502 U.S. at 511. Plaintiff's claims, in which he challenges the state court's determinations regarding his parental rights and the custody of his children, are therefore not cognizable for federal habeas relief.

Similarly, plaintiff's claims are not cognizable under 42

U.S.C. §1983. Plaintiff is requesting injunctive relief from an on-going state court child custody proceeding. Defendants note correctly that the *Younger* abstention doctrine bars a federal court issuing such relief from an on-going state proceeding. *H.C. ex rel. Gordon v. Kopel,* 203 F.3d 610, 611-12 (9th Cir 2000).

Further, the Supreme Court has held that federal courts do not have jurisdiction over cases involving divorce, alimony or child custody. *Ankenbrandt v. Richards,* 504 U.S. 689, 704 (1992); see also *Peterson v. Babbitt,* 708 F.2d 465, 466 (9th Cir. 1983)(federal courts lack jurisdiction over local matters such as child custody disputes). If plaintiff is dissatisfied with the outcome of the custody proceedings involving his children, his remedy, if any, lies in state court.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [#16] is GRANTED. This action is dismissed.

IT IS SO ORDERED.

DATED this 5th day of May, 2011.

*Michael E. Hogan*
United States District Judge

4 - ORDER